IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-10017-01-WEB |
| ) | |
| ALMARIO D. SMITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Memorandum and Order

This matter came before the court on February 24, 2006, for a hearing on defendant's appeal of the Magistrate Judge's order of detention. At the conclusion of the hearing, the court orally affirmed the ruling of the Magistrate and directed that the defendant be detained pending trial. This written memorandum will supplement the court's oral ruling.

I. *Background*.

On an appeal from a detention order, the district court conducts a *de novo* review of the Magistrate's order, meaning the district court conducts its own determination of the facts. *See United States v. Romo-Sanchez*, 170 F.Supp.2d 1127, 1128 (D. Kan. 2001) (the district court must ultimately decide the propriety of detention). The district court has discretion in determining whether to take additional evidence or rely on the record of the earlier hearing. *See United States v. Frietas*, 602 F.Supp. 1283, 1293 (D.Cal. 1985). The court now has the following documents before it in connection with defendant's motion for review: the initial complaint and accompanying affidavit; the Indictment, the Pre-Trial

Services Report from the Probation Office; the Magistrate's Order of Detention; and numerous letters on defendant's behalf from family and friends. Counsel for both parties informed the court at the hearing that they had no additional evidence to present but would instead proceed by way of proffer.

The defendant is now charged in a 5-count Indictment with the following offenses: unlawfully possessing with intent to distribute crack cocaine; being an unlawful user of controlled substances in possession of a firearm; unlawful possession of marijuana; and two counts of unlawfully assaulting or resisting an officer of the United States in the performance of his official duties, and which was done while using a deadly or dangerous weapon (that is, by driving an automobile at the agents, striking one of them). *See* Doc. 9.

Under the Bail Reform Act, a person may be detained pending trial only if the court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The Government bears the burden of demonstrating these facts. *See* 18 U.S.C. § 3142(e)&(f). In determining whether this burden has been met, the court must take into account the available information concerning the factors listed in § 3142(g), including: the nature and circumstances of the offense charged, the weight of the evidence against the person; the history and characteristics of the person (including any criminal history, family ties, employment, history of drug or alcohol abuse, and ties to the community), and the nature and seriousness of the danger posed by the person's release. *Id*. *See also United States v. Salerno*, 481 U.S. 739 (1987).

Because the indictment in this case constitutes probable cause to believe the defendant has committed a drug offense for which the maximum term is 10 years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance as

required and the safety of the community. § 3142(e). As the Government points out, the defendant is also now charged with two offenses that by their nature would be considered crimes of violence.

II. *Discussion.*

The defendant proposes that he be released on bond with his mother as a co-signer. He argues that he would not pose a danger to the community or a flight risk if conditions were imposed such as a requirement that he live with his mother, that he have a curfew, that he be tested for drugs, and that he report as required to the Probation Office. Defendant argues he has significant ties to the community -- including the operation of a jewelry store -- and that he has no history of violence or gun-related crimes. He also argues he has extensive family support, which is borne out by the letters submitted on his behalf. Defendant also suggests there might be questions about the strength of the Government's evidence on the assault charges, alluding to the possibility that the defendant did not realize the men who tried to stop him were law enforcement agents. As for the charge of unlawful possession of a firearm, defendant asserts the evidence may suggest that he only constructively possessed a weapon. Defendant also points out he has no history of gun violence.

The court notes the defendant has a prior conviction for felony theft in state court, and his probation for that offense was revoked on two occasions. He also failed to appear in state court on a traffic-related case. There is evidence that the defendant admitted to law enforcement officers he is a frequent user of marijuana. There is also evidence in the record that the defendant attempted to avoid arrest by fleeing, and that he drove his car at the officers and struck one of them, before leading them on a chase. The defendant allegedly admitted to law enforcement officers that at the time of the incident he was on his way to sell crack cocaine, and he admitted having made such sales in the past. The Government states that its

evidence will show that the defendant did not voluntarily stop his vehicle when he was pursued by law enforcement officers, but rather stopped his vehicle only because it was disabled by gunfire.

After considering the relevant factors, the court concludes there are no conditions that would reasonably assure the defendant's appearance as required and the safety of the community. The charges against the defendant are serious offenses; they include a serious drug offense, a firearm offense and allegations that he assaulted law enforcement officers with an automobile while attempting to flee. The defendant has shown that he has family support in the community, but his family support has not been successful in the past in keeping the defendant out of trouble. The defendant has made an admission that he is a frequent user of illegal drugs, and the Government cites evidence that he was engaged in the business of selling crack cocaine   The Government's evidence appears to include the eyewitness testimony of several law enforcement officers. There is evidence that a Kansas Highway Patrol Trooper pulled in behind the defendant's vehicle with his emergency lights flashing and ordered the defendant and his companions to get back in their vehicle -- which they did -- just before the defendant put the car in gear and began to leave the scene. The evidence of the defendant's conduct at the time the officers attempted to arrest him suggests that his release would pose a danger to the community, and that he might attempt to flee if given a chance. Accordingly, the court concludes that the defendant should be detained pending trial in this case.

III. *Conclusion*.

Defendant's Motion for Revocation of the Magistrate's Order of Detention (Doc. 13) is DENIED. The Order of Detention previously entered in this case remains in effect. The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being

4

held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 24th day of February, 2006, at Wichita, Ks.

s/Wesley E. Brown

Wesley E. Brown
U.S. Senior District Judge

5