IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-10017-01-WEB |
| ) | |
| ALMARIO D. SMITH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## Memorandum and Order

This matter came before the court on June 6 and 7, 2006, upon defendant's oral motions for a psychological evaluation and for a mistrial. The court orally granted the motions on June 7, 2006. This written memorandum will supplement the court's oral ruling.

On the morning of June 6, 2006, this matter proceeded to trial before a jury on the 6-count superseding indictment against the defendant. A jury was selected and sworn to try the cause, and the Government began its presentation of evidence. In the afternoon of June 6th, defense counsel Kiehl Rathbun informed the court he had concerns about the defendant's mental competence to stand trial. The court subsequently conducted a hearing on the issue, during which Mr. Rathbun represented that the defendant suffered a head wound in the course of being arrested in this case and he has been diagnosed with post-traumatic stress disorder as a result of the incident. He stated that the defendant has been prescribed strong medication to help him sleep and eat. He also represented that he had noticed significant changes in the defendant's recent behavior, and that the defendant had claimed (and appeared to him to

be) unable to remember significant portions of the testimony presented in court that day and in the previous day's suppression hearing. Defense counsel also stated that the defendant's family, who had been present in the courtroom during the proceedings, informed him the defendant appeared to them to be disoriented and that he had fallen asleep several times during the trial. At the court's request, a deputy United States Marshal contacted the jail where the defendant has been held and requested a report concerning the defendant's medications. At that time, the jail's medical personnel expressed concerns to the Marshal about the defendant's mental competence. Also, the report from the jail and the other information provided to the court indicated that the defendant was currently taking rather significant medications that could affect his mental competence. A nurse practitioner from the jail appeared at the hearing on June 7, 2006, and confirmed that the defendant was being treated and prescribed medication for post-traumatic stress disorder, and she provided information about side-effects from such medication. Based on this and the other information provided, defense counsel moved for a mental evaluation of the defendant and a mistrial. The United States did not join in these requests, although it did not oppose them.

Section 4241 of Title 18 of the United States Code provides in part that a motion to determine the mental competence of the defendant may be made at any time during the prosecution prior to sentencing, and that the court shall grant such a motion "if there is reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Given the uncontroverted nature of the information provided to the court -- including information from multiple sources -- the court found reasonable cause to believe the defendant may be suffering from a mental defect that rendered him unable to properly assist in his defense. As such, the court

announced it would grant the defendant's motion for a mental evaluation.

Given the nature of a such an evaluation -- which ordinarily takes several months to complete -- it was not practical to simply take a recess while the issue was determined. Under the circumstances, the court had no real alternative but to grant the defendant's motion for a mistrial. The court noted that the defendant had requested the mistrial, and there was no evidence that the United States was in any way responsible for the mistrial. Under such circumstances, the Double Jeopardy Clause would not preclude a subsequent jury trial on the superseding indictment if the defendant is determined to be competent to stand trial. *See Featherston v. Mitchell*, 418 F.2d 582 (5th Cir. 1969) (holding there was no double jeopardy violation after a mistrial was declared to allow a mental evaluation). *See also United States v. Coleman*, 981 F.2d 1252 (4th Cir. 1992).

*Conclusion.*

Defendant's oral motions for a psychiatric evaluation and for mistrial are GRANTED. IT IS SO ORDERED this  16th  Day of June, 2006, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge